# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0237** (Fayette County 14-F-159)

**David L. Moore,**
**Defendant Below, Petitioner**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David L. Moore, by counsel John M. Thompson Jr., appeals the Circuit Court of Fayette County's February 18, 2015, order sentencing him to consecutive terms of incarceration of two to thirty years of incarceration for two counts of delivery of a controlled substance and a fine of $5000. The State, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) the State presented insufficient evidence to support his convictions and (2) the circuit court erred in denying his motions for judgment of acquittal after the State's case-in-chief and at the conclusion of trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, a Fayette County grand jury indicted petitioner on two counts of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401. Petitioner proceeded to trial in December of 2014. At trial, the State presented evidence that on March 6, 2014, law enforcement officers provided a confidential informant ("CI") with pre-recorded "buy money" and an "audio video recorder" to purchase cocaine from petitioner. According to the CI's testimony, she set up two separate drug transactions with petitioner on that day. The CI explained that for each separate transaction she drove to petitioner's apartment, and upon her arrival honked her car horn. On both occasions that day, the CI testified that after she honked her car horn, petitioner approached her vehicle and exchanged the drugs for the "buy money." The State also played the audio and video recordings of both drug buys to the jury, and also presented the testimony of a forensic analyst with the West Virginia State Police, who explained that the substance at issue was cocaine. Petitioner presented no witnesses or evidence. After the State rested, and again at the conclusion of the trial, petitioner moved for judgment of acquittal alleging that the evidence was insufficient to support the charges of delivery of a controlled substance. The circuit court denied both motions.

1

Following its deliberations, the jury found petitioner guilty of both felony counts. Petitioner filed a motion for new trial alleging that the circuit court failed to grant his prior motions for judgment of acquittal. The circuit court denied petitioner's motion by order entered on February 2, 2015. At sentencing, the circuit court sentenced petitioner to consecutive terms of incarceration of two to thirty years for two counts of delivery of a controlled substance.[1] The circuit court also imposed a cumulative fine of $5000. This appeal followed.

On appeal, petitioner first argues that the evidence presented by the State at his trial was insufficient to prove his guilt beyond a reasonable doubt. With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). To convict petitioner of delivery of a controlled substance, the State had to prove that petitioner intentionally delivered a Schedule I or II controlled substance to another. W. Va. Code § 60A-4-401(a)(i).

Following a thorough review of the record on appeal and the parties' arguments, we find no merit to petitioner's argument. The jury heard testimony from the CI that she set up two separate drug transactions with petitioner on March 6, 2014. The CI specifically testified that she drove to petitioner's apartment and after honking her horn to alert petitioner of her presence, personally exchanged the "buy money" for cocaine with petitioner on two separate occasions. Given the circumstances of this case, the jury heard sufficient evidence to find that petitioner twice delivered a controlled substance to the CI. Therefore, we reject petitioner's first assignment of error.

---

[1]West Virginia Code § 60A-4-401(a)(i) provides that the penalty for delivery of a Schedule I or II controlled substance is a term of imprisonment of "not less than one year nor more than fifteen years[.]" However, this Court notes that West Virginia Code § 60A-4-408 provides that "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized[.]" The circuit court's sentencing order reflects that petitioner's criminal history includes a prior distribution of cocaine charge.

Petitioner's second assignment of error is that the circuit court erroneously denied his motions for judgment of acquittal at the close of the State's case-in-chief and at the conclusion of the trial. Specifically, he argues that the circuit court erred in finding that the evidence presented at trial was sufficient to support the charges beyond a reasonable doubt. We have held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). Because we apply a de novo standard of review to the denial of such motions, "this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). As explained above, the evidence presented by the State in this matter was sufficient to prove petitioner's guilt beyond a reasonable doubt as to both counts. Therefore, the circuit court did not commit error when it denied petitioner's motions for judgment of acquittal based on insufficient evidence.

For the foregoing reasons, the circuit court's February 18, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED:  November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3